IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT KELLENBECK, on behalf of Jesse Todd,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA D. TODD,<br><br>Defendant. | CV 25-42-M-KLD<br><br>ORDER |

On May 27, 2025, Plaintiff Robert Kellenbeck, on behalf of Jesse Todd, filed an Unopposed Motion for Order Partitioning Property. (Doc. 12). Plaintiff explains that he and Defendant Montana Todd, who is proceeding pro se, have come to an agreement on the matters raised in the Complaint and Answer. Plaintiff's unopposed motion asks the Court to enter an order partitioning the subject real property as contemplated in the Sands Surveying attached to his motion and as an exhibit to this Order. (Doc. 12-1). Plaintiff has also submitted a proposed Order Partitioning Property (Doc. 12-1) and represents to the Court that Defendant does not object to his motion. (Doc. 12).

The Court has reviewed and hereby enters the following agreed-upon proposed Order Partitioning Property:

1

## FINDINGS OF FACT

1. Plaintiff and Defendant own the following parcel of real property as tenants-in-common (the "Property"):

> Tract 1 of Certificate of Survey No. 22760 in Government Lot 2, Section 15, Township 33 North, Range 18 West, P.M.M., Flathead County, Montana.

2. Plaintiff Jesse Todd and Defendant Montana D. Todd each own an undivided one-half (1/2) interest in the Property.

3. Plaintiff and Defendant are "relatives" as defined by Mont. Code Ann. § 70-29-402(9).

4. The Property is considered "heirs property" as defined by Mont. Code Ann. § 70-29-402(5).

5. The Property is subject to that certain Declaration of Reciprocal Rights of First Refusal (the "Right of First Refusal") entered into by and between Ann Donnelly, Nathan Todd, Frank Kellenbeck, Rob and Jesse (each a "Declarant" and collectively the "Declarants") and recorded in in the office of the Clerk and Recorder of Flathead County, Montana, as document No. 201700030270. The Right of First Refusal grants each Declarant and their lineal descendants the right to acquire an interest in the Property in the event of a proposed sale or transfer of an interest in the Property to anyone other than a Declarant or a lineal descendant

of a Declarant (a "Third Party Purchaser").

6. Through informal negotiations, Plaintiff and Defendant have come to an agreement regarding the most equitable way in which to partition the Property and address the other disputed matters in this case as set forth in the unopposed Motion.

7. Pursuant to the terms of the unopposed Motion, the parties agree to partition the Property as contemplated in the survey prepared by Sands Surveying dividing the Property into *New* Tract 1 and *New* Tract 2.

8. Pursuant to the terms of the unopposed Motion, *New* Tract 2 will be owned in fee simple by Jesse Todd. *New* Tract 1 will be owned in fee simple by Montana D. Todd.

## CONCLUSIONS OF LAW

1. Because the Property is an inholdings situated within Glacier National Park in Flathead County, Montana, this Court has jurisdiction over this case pursuant to 28 U.S.C § 1331; See *Macomber v. Bose*, 401 F.2d 545 (9th Cir. 1968); and venue is proper in this Court for the District of Montana, Missoula Division.

2. Plaintiff's Complaint (Doc. 1) properly invokes the "Uniform Partition of Heirs Property Act", Mont. Code Ann. § 70-29-401, *et. seq.*, and this Court has authority to partition the Property and divide the Property into *New* Tract 1 and *New* Tract 2.

3.     As the agreement regarding partitioning the Property set forth in the unopposed Motion was made by both parties, the provisions in the unopposed Motion should determine the terms for partitioning of the Property. *See* Mont. Code Ann. § 70-29-403.

4.     Water right number 761 301163589 Statement of Claim is appurtenant to the Property and will transfer to Defendant Montana D. Todd and *New* Tract 1.

5.     The three judgment liens set forth in the unopposed Motion in the amounts of $943.24, $21,786.93, and $9,680.57 respectively, shall be attached to *New* Tract 2 so as not to prejudice Defendant Montana D. Todd.

6.     The rights set forth in the Right of First Refusal are not implicated by the partition of the Property pursuant to this Order because it will not result in a Third-Party Purchaser acquiring an interest in the Property.

7.     Encumbrances attached to the Properties by an individual party shall hereafter only encumber such party's respective property as set forth in this Order.

Based upon the foregoing Findings of Fact and Conclusions of Law,

**IT IS HEREBY ORDERED**:

1. Tract 1 on the Survey attached to this Order as **Exhibit A**, legally described as follows:

    A TRACT OF LAND, SITUATIED, LYING AND BEING IN

> GOVERNMENT LOT 2 OF SECTION 15, TOWNSHIP 33 NORTH, RANGE 18 WEST, P.M.M., FLATHEAD COUNTY, MONTANA, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS TO WIT:
>
> BEGINNING at the northwest corner of Tract 1 of Certificate of Survey No. 22760 (records of Flathead County, Montana), which is a found aluminum cap; Thence N89°46'20"E 27.52 feet; Thence S22°27'09"E 254.59 feet, more or less, to the high water mark of Lake McDonald; Thence leaving said high water mark s15°56'24"E 56.35 feet, more or less to the low water mark of said Lake McDonald' Thence along said low water mark S74°03'36"W 25.12 feet; Thence leaving said low water mark N15°56'24"W 52.75 feet, more or less, to said highwater mark; Thence leaving said high water mark N22°28'37"w 265.74 feet, more or less, to the point of beginning and containing 0.183 ACRE, more or less; Subject to and together with all appurtenant easements of record.

together with all appurtenant water rights including water right number 761 301163589, is hereby owned in fee simple solely by Montana D. Todd.

2. Tract 2 on the Survey attached to this Order as **Exhibit A**, legally described as follows:

> A TRACT OF LAND, SITUATIED, LYING AND BEING IN GOVERNMENT LOT 2 OF SECTION 15, TOWNSHIP 33 NORTH, RANGE 18 WEST, P.M.M., FLATHEAD COUNTY, MONTANA, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS TO WIT:
>
> Commencing at the northwest corner of Tract 1 of Certificate of Survey No. 22760 (records of Flathead County, Montana), which is a found aluminum cap; Thence N89°46'20"E 27.52 feet to ***THE TRUE POINT OF BEGINNING OF THE TRACT OF LAND HEREIN DESCRIBED***: Thence continuing N89°46'20"E 27.52 feet to a found iron pin; Thence S22°25'41"E 243.36 feet, more or

less, to the high water mark of Lake McDonald; Thence leaving said high water mark S15°56'24"E 60.04 feet, more or less, to the low water mark of said Lake McDonald; Thence along said low water mark S74°03'36"w 25.12 feet; Thence leaving said low water mark N15°56'24"W 56.35 feet, more or less to said high water mark; Thence leaving said high water mark N22°27'09"W 254.59 feet, more or less, to the point of beginning and containing 0.179 ACRE, more or less; Subject to and together with all appurtenant easements of record.

is hereby owned in fee simple solely by Jesse Todd.

3. The child support lien in the amount of $21,786.93, arising from Montana 11th Judicial District Court, Flathead County, CSSD No. 0284809 *In Re the Support of Regina N McGee*, attached to the Property by Jesse Todd is hereby released as an encumbrance from Tract 1 on the attached Survey and hereafter solely encumbers Tract 2 on the attached Survey owned in fee simple by Jesse Todd.

4. The judgment lien in the amount of $942.24 arising from Montana 11th Judicial District Court, Flathead County, Cause No. DV-16-868, attached to the Property by Jesse Todd is hereby released as an encumbrance from Tract 1 on the attached Survey and hereafter solely encumbers Tract 2 on the attached Survey owned in fee simple by Jesse Todd.

5. The consensual lien in the amount of $9,680.57 arising from a loan from Montana D. Todd to Jesse Todd is hereby a judgment lien solely encumbering Tract 2 on the attached Survey owned in fee simple by Jesse Todd.

6.     The Flathead County Clerk and Recorder is instructed to accept for recording a certified copy of this Order with all Exhibits.

DATED this 12th day of June, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge